1  **WO**                                                                                    RP

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Jorge Rudy Alvarado,                    )    No. CV-04-2552-PHX-SMM (LOA)
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11  vs.                                     )
                                           )
12                                          )
   Maricopa County Sheriff's Office, et al., )
13                                          )
                Defendants.                 )
14                                          )
                                           )
15

16      On November 15, 2004, Jorge Rudy Alvarado (Plaintiff), presently residing in Glendale,

17  Arizona, filed with the Clerk of the Court a <u>pro se</u> "Civil Rights Complaint By A Prisoner"

18  (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff did not pay the one

19  hundred and fifty dollar ($150.00) filing fee, but filed an uncertified "Application To Proceed

20  In <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with his

21  Complaint.

22      By Order filed December 6, 2004 (Document #3), Plaintiff's deficient Application To

23  Proceed was denied without prejudice and Plaintiff was given thirty (30) days to pay the one

24  hundred and fifty dollar ($150.00) filing fee, or in the alternative, to file with the Court a

25

26  _____

27      [1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail
   in Phoenix, Arizona (Durango Jail).

28                                        - 1 -

**JDDL**

1  new, certified Application to Proceed and a certified copy of his inmate trust fund account

2  statement (or institutional equivalent).

3      On January 4, 2005, Plaintiff filed a new, certified Application To Proceed (Document

4  #4), which the Court granted by Order filed August 2, 2005 (Document #7).  The August 2,

5  2005 Order also denied Plaintiff's "Application For Deferral Of Court Fees And/Or Cost And

6  Consent To Entry Of Judgment" (Document #5), which Plaintiff filed on January 19, 2005.

7      On January 25, 2005, Plaintiff filed a letter to the "Clerk" (Document #6), in which he

8  informed the Court of his new address in Glendale, Arizona.  Because it appeared that

9  Plaintiff had been released from custody, the Court's August 2, 2005 Order gave Plaintiff

10  thirty (30) days from the filing date of the Order to pay the one hundred and fifty dollar

11  ($150.00) filing fee.

12                              **PAYMENT OF FILING FEE**

13      On August 26, 2005, Plaintiff paid the one hundred and fifty dollar ($150.00) filing fee.

14  Accordingly, the Court will proceed to review the Complaint.

15              **STATUTORY SCREENING OF PRISONER COMPLAINTS**

16      The Court is required to screen complaints brought by prisoners seeking relief against a

17  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

18  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that

19  are legally frivolous or malicious, that fail to state a claim upon which relief may be granted,

20  or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

21  1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if Plaintiff fails

22  to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

23      If the Court determines that a pleading could be cured by the allegation of other facts, a

24  pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the

25  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court

26  is required to grant leave to amend "if a complaint can possibly be saved," but not if the

27  Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend

28

**JDDL**

if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by amendment.

### COMPLAINT

Plaintiff alleges two (2) counts in the Complaint. (Complaint at 4-5).  In Count I, Plaintiff alleges that population/housing limitations have been exceeded at the Durango Jail.  Id. at 4.  In Count II, Plaintiff alleges that he has been denied outside recreation time.  Id. at 5.

Named as Defendants in the Complaint are: (1) Maricopa County Sheriff's Office; and (2) Joseph M. Arpaio, Sheriff of Maricopa County.  (Complaint at 1-2).

Plaintiff seeks injunctive relief, and compensatory and punitive monetary damages. (Complaint at 7).

### IMPROPER DEFENDANT

The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Therefore, Defendant Maricopa County Sheriff's Office will be dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### FAILURE TO LINK DEFENDANT

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

JDDL

1  affirmative link between the alleged injury and the conduct of an individual Defendant.

2  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

3  To state a claim against a state official, the civil rights complainant must allege that the

4  official personally participated in the constitutional deprivation, or that a state supervisory

5  official was aware of the widespread abuses and with deliberate indifference to the inmate's

6  constitutional rights failed to take action to prevent further misconduct.  King v. Atiyeh, 814

7  F.2d 565, 568 (9th Cir. 1987); See also Monell v. New York City Department of Social

8  Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

9  There is no liability under 42 U.S.C. § 1983 based on a theory of respondeat superior.

10  Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno

11  Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

12  Although Plaintiff names Joseph M. Arpaio as a Defendant, he has not made any

13  allegations against him individually in the body of the Complaint, and he has not linked any

14  of his injuries to actions of Defendant Arpaio.

15  **FAILURE TO STATE A CLAIM**

16  **Constitutional Violation**

17  Plaintiff has failed to the allege in either Count I or Count II that the conditions in the

18  Durango Jail create the "wanton and unnecessary infliction of pain" as required to state a

19  Fourteenth or  Eighth Amendment conditions of confinement claim.  Rhodes v. Chapman,

20  452 U.S. 337, 347 (1981). The inquiry with respect to pretrial detainees is whether the prison

21  conditions amount to "punishment" without due process in violation of the Fourteenth

22  Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 (1979). Generally, a prison's "obligation

23  under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate

24  food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682

25  F.2d 1237, 1246 (9th Cir.1982) (quotations omitted).  However, this does not mean that

26  federal courts can or should interfere whenever prisoners are inconvenienced or suffer de

27  minimis injuries. See Bell, 441 U.S. at 539 n.21 (noting that a de minimis level of imposition

28

JDDL

- 4 -

does not rise to a constitutional violation).

**Hart v. Arpaio**

In Count I of the Complaint Plaintiff refers to the case of "Harts Vs Hill," and in Count II Plaintiff refers to the Amended Judgment in "Harts Vs Hill." (Complaint at 4-5). The Court assumes that Plaintiff intends to refer to Hart v. Arpaio, CV 77-0479-PHX-EHC (MS).

However, with respect to any injunctive relief that Plaintiff may seek in connection with the rights enumerated in the Amended Judgment of the class action case of Hart v. Arpaio, the Court notes that injunctive relief may only be sought or enforced within the original case. The Amended Judgment in the class action precludes Plaintiff from seeking separate and individual injunctive relief in the instant action.

Moreover, with respect to any claim for monetary damages, Hart v. Arpaio provides no independent cause of action. Although the class action does not foreclose an individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir.), cert. denied, 520 U.S. 1103 (1997), a plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks. In a case challenging the conditions of confinement of pretrial detainees, the most likely source of a right to sue (of which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983. However, in order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim. As discussed above, Plaintiff has failed to allege a constitutional violation and the Complaint will therefore be dismissed.

**DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND**

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Because Plaintiff has failed to affirmatively link his alleged injuries with the conduct of any specific, named Defendant, and has failed to allege a constitutional violation, Plaintiff's

Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.  However, in keeping with "the rule favoring liberality in amendments to pleadings," the Court will exercise its discretion and allow Plaintiff to file an amended complaint, if he so desires, to show what constitutional rights he has been deprived of, how the conduct of proper defendants deprived him of said rights, what injury, if any, he has suffered as a result of the activities of the defendants, and how he has exhausted his administrative remedies.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

If Plaintiff chooses to file an amended complaint, he should take notice that an amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order and may not incorporate any part of the original Complaint by reference.  See Rule 15.1(a)(2), Local Rule of Civil Procedure ("LRCiv").  If Plaintiff cannot fit all of his supporting facts in favor of a particular count on the Court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular count on the Court-approved form, and be numbered appropriately.  Plaintiff may only address one (1) issue in each count.

**WARNING**

Plaintiff is warned that if he fails to timely comply with every provision of this Order the action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61 (stating a district court may dismiss action for failure to comply with any order of the court).  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the

JDDL

1   dismissal of this action will count as a "strike" under the "three strikes" provision of the

2   Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

3   **IT IS THEREFORE ORDERED:**

4   (1)   That Defendant Maricopa County Sheriff's Office is DISMISSED WITHOUT

5   PREJUDICE from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)

6   for failure to state a claim upon which relief may be granted;

7   (2)   That Plaintiff's Civil Rights Complaint By A Prisoner (Document #1) ("Complaint")

8   is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND, pursuant to 28

9   U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief

10  may be granted.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order

11  to file an amended complaint in order to state specific allegations of deprivation of

12  constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)

13  who participated in the activities alleged in his amended complaint, to state what injury he

14  has suffered as a result of the activities of the defendant(s), and to show how, prior to filing

15  this action, he exhausted his administrative remedies as to each of his claims for relief.  The

16  amended complaint must be retyped or rewritten in its entirety on the current, Court-

17  approved form included with this Order, may not incorporate any part of the original

18  Complaint by reference, and must contain Plaintiff's original signature.  If Plaintiff fails to

19  file the amended complaint on a current, Court-approved form, the amended complaint will

20  be stricken, and the action dismissed without further notice to Plaintiff.  Any amended

21  complaint submitted by Plaintiff should be clearly designated as an amended complaint on

22  the face of the document;

23  (3)   That the Clerk of the Court is DIRECTED to enter a judgment of dismissal with

24  prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended

25  complaint within thirty (30) days from the filing date of this Order.  Upon entry of judgment,

26  the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that

27  the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

**JDDL**

28

(4)    That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(5)    That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(6)    That the Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-approved form for filing a civil rights complaint by a prisoner pursuant to 42 U.S.C. § 1983.

DATED this 7th day of November, 2005.

Stephen M. McNamee
Chief United States District Judge

JDDL

- 8 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. General Information About the Civil Rights Complaint Form:

A. <u>The Form</u>. The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights. Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form. Your complaint must be typewritten or legibly handwritten. All information must be clearly and concisely written, **only in the space provided on the form.** If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>. You must sign the complaint. Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose. Please review Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>. You must pay the $250.00 filing fee. If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>. If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should file your complaint in the Phoenix Division of the court. If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court. If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv 5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of____(month)____ , (year) , to:
Name:   _____
Address:_____
        Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

3

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  Supporting Facts.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) | |
| (Full Name of Plaintiff)     Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.** _____ |
| | ) | (To be supplied by the Clerk) |
| _____, | ) | |
| _____, | ) | |
| _____, | ) | **CIVIL RIGHTS COMPLAINT** |
| _____, | ) | **BY A PRISONER** |
| | ) | |
| _____, | ) | ☐ Original Complaint |
| (Full Name of Each Defendant)  Defendant(s). | ) | ☐ First Amended Complaint |
| _____ | ) | ☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    - b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="display:block;text-align:center">(Position and Title)　　　　　　　　　　　　　　　(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="display:block;text-align:center">(Position and Title)　　　　　　　　　　　　　　　(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="display:block;text-align:center">(Position and Title)　　　　　　　　　　　　　　　(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="display:block;text-align:center">(Position and Title)　　　　　　　　　　　　　　　(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c. Case or docket number: _____.

d. Claims raised: _____
_____
_____

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f. Approximate date lawsuit was filed: _____.

g. Approximate date of disposition: _____.

4. Second prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c. Case or docket number: _____.

d. Claims raised: _____
_____
_____

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f. Approximate date lawsuit was filed: _____.

g. Approximate date of disposition: _____.

5. Third prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c. Case or docket number: _____.

d. Claims raised: _____
_____
_____

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f. Approximate date lawsuit was filed: _____.

g. Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____.

2.  Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐ Mail  ☐ Access to the court  ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?  ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____
        _____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)              ☐ Mail              ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings         ☐ Property          ☐ Exercise of religion       ☐ Retaliation
      ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                    ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count II?       ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)   ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
       your institution?                                                        ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
       why you did not.  _____
       _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____           _____
                                    DATE                                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

7